

**FILED**

DEC 03 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RAYELMER ORSBORN, ) | Cause No. CV 12-13-M-DLC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action concerns the denial of Plaintiff Rayelmer Orsborn's application for disability insurance benefits under Title II of the Social Security Act. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on August 24, 2012, recommending that the decision of the Administrative Law Judge (ALJ) be reversed for failure to discuss any reasons for rejecting a Veterans Administration (VA) total disability rating. Besides this error, Judge Lynch found after a careful review of the administrative record that the ALJ's analysis was supported by substantial evidence and free of legal error.

Plaintiff Orsborn has not filed objections. Defendant Michael J. Astrue,

Commissioner of Social Security ("the Commissioner"), has filed objections. Specifically, he argues that Judge Lynch should have analyzed whether the ALJ's failure to discuss the VA disability rating was harmless error under *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012). He also insists that the failure was harmless and that the ALJ's determination should therefore be affirmed.

Parties are entitled to de novo review of the findings and recommendations to which they object. 28 U.S.C. § 636(b)(1). All other findings and recommendations are reviewed for clear error. For the reasons discussed below, Judge Lynch's Findings and Recommendation are adopted in part and rejected in part. Judge Lynch should have considered whether the failure to discuss the VA disability rating constituted harmless error, but his remaining findings are adopted in full. Because the Court finds the error was harmless in light of the full record, the Commissioner's motion for summary judgment is granted and the ALJ's determination is affirmed.

## ANALYSIS

Case law and the Social Security Administration's own policy interpretation ruling make clear that an ALJ is required to consider a VA disability rating. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("[T]he ALJ must consider the VA's finding in reaching his decision."); SSR96-03p, 2006 WL

2

2329939, *7 ("[W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 4 04.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). The ALJ erred when he did not consider the VA's disability rating here.

However, the Ninth Circuit decided in *Molina v. Astrue*, 675 F.3d 1104, 1115–1122, that a reviewing court must determine that an error was harmful before rejecting an ALJ's ultimate conclusion. An error is harmless if the ALJ would have reached the same result absent the error, if it is clear the error did not alter the ALJ's decision, if the error was inconsequential or tangential, and if the ALJ's other analysis and the record as a whole demonstrate that the ALJ's decision was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Valentine v. Commr. Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). Judge Lynch did not perform this analysis.

Here, in light of the whole record and the rest of the ALJ's analysis, the failure to mention the VA rating specifically was harmless. The ALJ discussed the

3

VA's own medical evidence at length, identifying multiple inconsistencies between Plaintiff's complaints and his actual symptoms, test results, and diagnoses. Tr. 17–18. Additionally, as Judge Lynch found, the ALJ provided clear and convincing reasons for finding the Plaintiff's self-reports less than credible. By considering the evidence underlying the rating, the ALJ adequately considered and rejected the rating, even though he did not mention the specific figure. *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) ("Although he did not specifically mention the 60 percent figure, the ALJ did not err because he fully considered the evidence underlying the VA's final conclusion.").

In summary, Judge Lynch properly found that the ALJ's analysis of the medical evidence and determination of the Plaintiff's credibility were supported by the record. Though the ALJ failed to specifically mention the VA disability rating in his analysis, his discussion of the VA medical evidence, in particular, indicates that the error was harmless and the result would not have been different had the rating itself been considered.

Accordingly, IT IS ORDERED:

1. Judge Lynch's Findings are ADOPTED in full. His Recommendation, however, is REJECTED based on the Court's harmless error analysis.

2. Plaintiff Orsborn's Motion for Summary Judgment (doc. 10) is DENIED.

4

3. Defendant Michael J. Astrue's Motion for Summary Judgment (doc. 15) is GRANTED.

Dated this 3rd day of December 2012.

Dana L. Christensen, District Judge
United States District Court